IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PENNYMAC LOAN SERVICES, LLC, | ) | CIVIL NO. 18-00386 HG-RT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LUCAS R. ORTEGA; RAMONALEE LEHUA ORTEGA; ASSOCIATION OF UNIT OWNERS OF GREEN HOMES AT LUALUALEI; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| LUCAS R. ORTEGA; RAMONALEE LEHUA ORTEGA, | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PENNYMAC LOAN SERVICES, LLC, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF No. 7)**

Plaintiff Pennymac Loan Services, LLC, filed a Complaint for foreclosure in the Circuit Court of the First Circuit, State of Hawaii against Defendants Lucas R. Ortega and Ramonalee Lehua Ortega.

Defendants Lucas R. Ortega and Ramonalee Lehua Ortega

1

removed the action to federal court.  Defendants maintain that the District of Hawaii federal court has subject matter jurisdiction on the basis of diversity and that their Counterclaim raises federal questions.

Plaintiff moves to remand the suit to the Circuit Court of the First Circuit and to dismiss Defendants' Counterclaim.  (ECF No. 7).

There is no basis for subject matter jurisdiction in the District Court for the District of Hawaii.

Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED**.

## **PROCEDURAL HISTORY**

On May 10, 2018, Plaintiff filed a Complaint in the Circuit Court of the First Circuit in the matter styled <u>Pennymac Loan Services, LLC v. Ortega, et al</u>, Civil No. 18-1-0730-05 JHC. (Complaint for Mortgage Foreclsoure, attached as Ex. A to Defs.' Notice of Removal, ECF No 1-1).

On October 9, 2018, Defendants Lucas R. Ortega and Ramonalee Lehua Ortega filed a Notice of Removal.  (ECF No. 1).  On the same day, Defendants filed their Response and Counterclaim.  (ECF No. 2).

On October 31, 2018, Plaintiff filed MOTION TO DISMISS DEFENDANT/COUNTERCLAIM PLAINTIFFS LUCAS R. ORTEGA AND RAMONALEE LEHUA ORTEGA'S COUNTERCLAIM FILED HEREIN ON OCTOBER 9, 2018, AND TO REMAND CASE TO CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF

HAWAII. (ECF No. 7).

On November 13, 2018, Defendants filed their Opposition. (ECF No. 13).

On December 12, 2018, Plaintiff filed their Reply. (ECF No. 16).

**BACKGROUND**

Plaintiff Pennymac Loan Services, LLC is a Delaware limited liability company. (Compl. at ¶ 1, ECF No. 1-1). Defendants stated that they are both citizens of the State of Hawaii. (Defs.' Notice of Removal at p. 2, ECF No. 1).

This suit was initiated in the Circuit Court of the First Circuit, State of Hawaii. (Compl., ECF No. 1-1). The Complaint alleged that on May 11, 2016, Defendants executed a Note to Plaza Home Mortgage, Inc. in the principal amount of $435,015.00 for the property located at 87-1720 Farrington Highway #18, Waianae, Hawaii 96792. (Compl. at ¶ 6, ECF No. 1-1). Plaintiff alleged that Plaintiff is the present holder of the Note and Defendants are in default for failure to pay for the Note. (Compl. at ¶ 3-13, ECF No. 1-1).

On May 10, 2018, Plaintiff Pennymac Loan Services, LLC sought foreclosure and filed a Complaint for Mortgage Foreclosure in the Circuit Court of the First Circuit. (Compl., ECF No. 1-1).

On October 9, 2018, Defendants removed the suit to the United States District Court for the District of Hawaii asserting

subject matter jurisdiction based on diversity jurisdiction and federal question jurisdiction arising from their Counterclaim. (Defs.' Notice of Removal at p. 2, ECF No. 1).

On the same day, Defendants filed their Response and Counterclaim which appears to assert two causes of action:

(1) declaratory relief that the Defendants are entitled to rescission pursuant to the Truth in Lending Act, 15 U.S.C. § 1635; and

(2) quiet title. (Counterl. at p. 1-3, ECF No. 2).

Defendants also appear to be asserting allegations pursuant to the Fair Debt Collections Act, 15 U.S.C. § 1692. (Counterl. at p. 2-3, ECF No. 2).

On October 31, 2018, Plaintiff filed a Motion to Dismiss Counterclaim and Remand. (Pl.'s Mot. to Dismiss & Remand, ECF No. 7).

## STANDARD OF REVIEW

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal of a civil action from state court to the appropriate federal district court is permissible if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441. A motion to remand may be brought to challenge the removal of an action from state to federal court. 28 U.S.C. § 1447(c).

There is a strong presumption against removal. Gaus v.

4

Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The statute authorizing removal is strictly construed, and the removing party has the burden of establishing that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

Subject matter jurisdiction is conferred on federal courts either through federal question jurisdiction under 28 U.S.C. § 1331, or through diversity jurisdiction under 28 U.S.C. § 1332. Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). The burden of establishing that diversity jurisdiction exists rests on the party asserting it. Hertz Corp. v. Friend, 559 U.S. 77, 96-97 (2010).

## ANALYSIS

### I. JURISDICTION

#### A. Federal Question Jurisdiction

Federal question jurisdiction exists when federal issues are raised in the complaint. 28 U.S.C. § 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of

federal question jurisdiction is guided by the "well-pleaded complaint rule," which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998).

Plaintiff's original Complaint is a foreclosure action based on state statutory law. A federal question is not presented on the face of the Complaint. Plaintiff's Complaint does not give rise to federal question jurisdiction and the Court does not have federal question jurisdiction over the suit.

**B.   Diversity Jurisdiction**

Diversity jurisdiction exists where the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that plaintiffs and defendants be citizens of different states. Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007)(citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

A civil action brought in a state court over which federal courts have original jurisdiction may be removed by the defendant to the appropriate district court. 28 U.S.C. § 1441(a). There is a limitation on actions removed based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b): such actions are removable only if none of the properly joined and served

defendants are a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89-90 (2005).

Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible local prejudice in state court. Lively v. Wild Oat Mkts., Inc., 456 F.3d 933, 940 (9th Cir. 2006); Hon. William W. Schwarzer, Hon. A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 2:1145 (2018). Such protection is absent in cases where a defendant is a citizen of the state in which the suit is brought. Id.

The forum defendant rule provides that once any local defendant (a citizen of the forum state) has been served, the action cannot be removed by that defendant, or by any other defendant. 28 U.S.C. § 1441(b); Republic W. Ins. Co. v. Int'l Ins. Co., 765 F.Supp. 628, 629 (N.D. Cal. 1991). The presence of a local defendant at the time of removal bars removal. Id.

Plaintiff Pennymac Loan Services, LLC is a Delaware limited liability company. (Compl. at ¶ 1, ECF No. 1-1). Defendants Lucas R. Ortega and Ramonalee Lehua Ortega are citizens of the State of Hawaii. (Defs.' Notice of Removal at p. 2). The forum defendant rule prevents Defendants from asserting diversity jurisdiction because the Defendants are citizens of the forum state. The purpose of diversity jurisdiction is to protect out-of-state litigants from possible prejudice and such protection is unnecessary here where the Defendants are citizens of the state

7

in which the suit is brought. Defendants cannot remove the foreclosure action to the federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2).

**II.  MOTION TO DISMISS COUNTERCLAIM**

Plaintiff assumes incorrectly that a counterclaim may give the Court federal question jurisdiction over a suit. For both removal and original jurisdiction, the federal question must be presented on the face of the plaintiff's complaint at the time of the removal. Takeda v. Northwestern Nat. Life. Ins. Co., 765 F.2d 815, 820-22 (9th Cir. 1985). A counterclaim which appears as part of the defendant's answer cannot serve as the basis for federal question pursuant to 28 U.S.C. § 1331. Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002).

Plaintiff's Motion to Dismiss presumes that the Court has jurisdiction to review Defendants' Counterclaim. The Court has no subject matter jurisdiction over the state law foreclosure Complaint and therefore has no jurisdiction over Defendants' Counterclaim.

Plaintiff's suit was improperly removed to federal court. The Court is without subject matter jurisdiction. Plaintiff's Motion to Remand is **GRANTED.**

**II. ATTORNEYS' FEES**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests that the Court award reasonable attorneys' fees and costs incurred as a result of the removal. 28 U.S.C. § 1447(c) permits an award of

attorneys' fees and costs on remand but such an award is up to the sound discretion of the district court. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The standard for awarding fees when remanding a case to state court turns on the reasonableness of removal. Id. at 141. The United States Supreme Court explained that absent unusual circumstances, courts may award attorneys' fees under 28 U.S.C. § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." Id. If an objectively reasonable basis exists, then attorneys' fees should be denied. Id. (citation omitted).

*Pro se* litigants are held to less stringent standards with regard to their pleadings than attorneys. Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003). A *pro se* defendant is given more leeway in his attempt to comply with the removal statute. HSBC Bank USA, Nat. Ass'n v. Manuel, No. C 10-01186, 2010 WL 3366410, at *2 (N.D. Cal. Aug. 25, 2010). To determine whether to award attorneys' fees as a result of removal filed by a *pro se* defendant, courts consider the lack of counsel to be significant. Deutsche Bank Tr. Co. Ams. v. Bradford, No. C 12-01077 RS, 2012 WL 3069155, at *1 (N.D. Cal. July 26, 2012).

Here, Plaintiff argues that attorneys' fees and costs should be awarded. Defendants are all appearing *pro se*. Defendants are not represented by an attorney and the Court must give some leeway in Defendants' attempt to comply with the removal statute because Defendants filed the notice of removal without the

9

benefit of legal counsel and proceeded *pro se* in defending against the foreclosure action. A fee award is not appropriate. Plaintiff's request is **DENIED**.

## CONCLUSION

The Court does not have subject matter jurisdiction or diversity jurisdiction. Plaintiff's Motion to Remand is **GRANTED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 7, 2019.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Pennymac Loan Services, LLC v. Lucas R. Ortega; Ramonalee Lehua Ortega; Association of Unit Owners of Green Homes at Lualualei; John Does 1-20; Jane Does 1-20; Doe Corporations 1-20; Does Entities 1-20; Doe Governmental Units 1-20; Civ. No. 18-00386 HG-RT; **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF No. 7)**